IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-689-GCM

| | |
|---|---|
| GEORGE ELMO GAMBRELL, JR.,         )<br>                                                           )<br>            Plaintiff,                              )<br>         v.                                          )<br>                                                           )         **ORDER**<br>ACC AUTO SALES, INC.,                  )<br>NATIONWIDE INSURANCE           )<br>OF AMERICA, and NORTH CAROLINA )<br>INSURANCE COMMISSION,           )<br>                                                           )<br>            Defendants.                        )<br>_____ ) | |

**THIS MATTER** is before the Court on an initial review Plaintiff's Complaint, who is proceeding pro se in this matter. (Doc. No. 1).

According to his Complaint, Plaintiff purchased a 1998 Volvo V70 Wagon from ACC Auto Sales, Inc. Upon paying the balance of the loan on the vehicle, ACC Auto Sales agreed to release its claim of lien. While the Complaint does not border on clarity, it appears that Plaintiff's collision insurance on the car lapsed, unbeknownst to him, and after an accident in which the car was deemed a total loss, he filed a claim with Nationwide Insurance which was denied based on the lapse in coverage. Based on these alleged events, Plaintiff summons various causes of action, including that the defendants acted under color of state law in conspiring to deny his claim, in violation of 42 U.S.C. §§ 1983 and 1985.

The Court notes that Plaintiff identifies his residence as Raleigh, North Carolina. Plaintiff also lists ACC Auto Sales, Inc. and the North Carolina Insurance Commission as being residents of Raleigh, and Plaintiff alleges that Nationwide Insurance is a resident of Garner, North Carolina, which is located in Wake County. (Doc. No. 1 at 1). Thus, all of the parties are within the

1

jurisdiction of the Eastern District of North Carolina, and venue therefore appears proper in the Eastern District.

The Court may transfer a case sua sponte to the appropriate district "for the convenience of the parties and witnesses, [when it is] in the interest of justice." <u>See</u> 28 U.S.C. §§ 1404(a) and 1406 (providing that a district court shall dismiss an action or transfer an action, if in the interests of justice, if the case is filed in the wrong division); <u>see also</u> <u>Feller v. Brock</u>, 802 F.2d 722, 779 n.7 (4th Cir. 1986).

28 U.S.C. § 1391(b) provides that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." <u>Id.</u> § 1391(b)(1) and (2).

When considering whether venue is proper, Courts should examine "a list of 'private interest factors' affecting the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum.'" <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241(1981).

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

<u>Id.</u> at n. 6.

In the present case, the private interest factors weigh in favor of transfer to the Eastern District of

2

Case 5:12-cv-00698-H    Document 3    Filed 10/22/12    Page 2 of 4

North Carolina (Western Division). According to the allegations in his Complaint, the proof Plaintiff would need is likely in Wake County and Plaintiff may need to invoke the Eastern District's subpoena power to obtain this evidence. See Fed. R. Civ. P. 45. The public interest factors also weigh in favor of transfer. While there will not be any conflict of law issues between the neighboring districts, there is an interest in having disputes which appear to have arisen wholly within Wake County, resolved in the Eastern District. In the present case, there are simply no allegations in the Complaint which appear to have taken place in the Western District and as noted, all of the named parties apparently reside within the Eastern District. Other than the fact that Plaintiff mailed his Complaint to the Clerk of Court in the Western District for filing, it appears there are no other connections with this district.

Based on the foregoing, the Court finds that in the interest of justice, this case should be transferred to the Middle District. The Court recognizes that a plaintiff ordinarily should be afforded the opportunity to address the change of venue, but in this case, Plaintiff has utterly failed to allege one fact, instance, or reason, why venue is proper in the Western District. See Feller, 802 F.2d at 779 n.7; see also Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statue, a district court may transfer a case upon motion or sua sponte."). The prospect of prolonging this case in the Western District appears futile and an exertion of scarce judicial resources.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **TRANSFERRED** to the Eastern District of North Carolina (Western Division).

Signed: October 22, 2012

Graham C. Mullen
United States District Judge