IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-698-H

| GEORGE ELMO GAMBRELL, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ACC AUTO SALES, INC., | ) | |
| NATIONWIDE INSURANCE OF | ) | |
| AMERICA, and NORTH CAROLINA | ) | |
| INSURANCE COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 2) by plaintiff George Elmo Gambrell, Jr., ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* D.E. dated 24 Oct. 2012).

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.  BACKGROUND**

    **A.  Procedural History**

Plaintiff commenced this proceeding in the Western District of North Carolina. The clerk of that court filed not only his motion (D.E. 1) to proceed *in forma pauperis*, but also his initial proposed Complaint (D.E. 2). This court subsequently struck the Complaint as prematurely filed

pending disposition of the *in forma pauperis* motion. (*See* D.E. 12 at 2). For the same reason, the order dismissed as moot a motion (D.E. 5) for dismissal of the case as to named defendant North Carolina Insurance Commission ("NCIC")[1] and a motion (D.E. 10) by plaintiff for extension of time to respond to the dismissal motion. (*See* D.E. 12 at 2).

### B. Plaintiff's Complaints

Subsequent to the initial Complaint, plaintiff filed four additional documents raising additional claims that the court will treat as supplemental complaints to the Complaint. (D.E. 7 ("First Supplemental Complaint"), D.E. 11 ("Second Supplemental Complaint"), D.E. 13 ("Third Supplemental Complaint"), D.E. 14 ("Fourth Supplemental Complaint")). The claims raised in the Complaint and the First Supplemental Complaint appear to be related and arise out of the same facts. However, each of the remaining supplemental complaints appears to raise distinctly different claims and, in some instances, names new defendants. Accordingly, the court will review the Complaint and the First Supplemental Complaint together, but will address each of the remaining supplemental complaints separately.

## II. DISCUSSION

### A. Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for

---

[1] The motion was filed by the North Carolina Department of Insurance and the North Carolina Commissioner of Insurance. They sought dismissal of the case not only as to NCIC, but also as to themselves, on the grounds that NCIC is a non-existent agency and that any claims against it were actually asserted against them. (*See* Mem. (D.E. 6) 2).

frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007)

(discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the citizenship of the plaintiffs be different from that of the defendants. *Id.* § 1332; s*ee Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

B.   The Complaint and the First Supplemental Complaint

The Complaint, a nine-page, typewritten document, names as defendants ACC Auto Sales, Inc. ("ACC"), Nationwide Insurance of America ("Nationwide"), and, as indicated, the NCIC. (Compl. 1). It is accompanied by four exhibits: a certificate of title for the car that appears to be the subject of the Complaint (D.E. 1-1 at 1-2[2]); a transaction history for payments made on the car by plaintiff to ACC (D.E. 1-1 at 3); an 8 June 2012 consumer complaint filed by

---

[2] All citation to page numbers herein will be to those assigned by the court's CM/ECF electronic filing system.

plaintiff with the North Carolina Department of Insurance (D.E. 1-1 at 4); and a damage disclosure statement for the car (D.E. 1-1 at 5). The court will treat the exhibits as if they were incorporated by reference into the Complaint. The First Supplemental Complaint, a three-page, typewritten document, names the same defendants.

Plaintiff's allegations appear to relate to or arise from plaintiff's purchase of a car from ACC, ACC's financing of the car, a subsequent accident in which the car was totaled, and the denial of plaintiff's insurance claim for the accident by Nationwide. (Compl. 2, 3-4; 1st Supp. Compl. 2 ¶ 5). Plaintiff also references a lien release, a salvage title, and a "contractual disclosure statement," but he does not set out allegations showing how these documents relate to his claims. Further, with the exception of the NCIC consumer complaint attached as an exhibit to the Complaint, neither of these complaints contains any comprehensible allegations showing the involvement of NCIC in the underlying events.

In the Complaint, plaintiff expressly alleges violation of his Constitutional rights under 42 U.S.C. §§ 1983 and 1985, breach of a "business duty to protect," and negligence. (Compl. 1, 4). He mentions a variety of other claims, such as breach of fiduciary duty, breach of contract, conversion, fraudulent transfer of funds, bribery, and forgery. (*Id*. at 2, 3, 4). In the First Supplemental Complaint, plaintiff again alleges negligence, fraud, and forgery, stating in part that "[d]efendant(s) failed to perform the duties in written contract in a safe and effective manner leading to the fraud and deceit sustained by the plaintiff." (1st Supp. Compl. 2).

Plaintiff describes the relief he seeks in the Complaint, in part, as follows:

> compelling for disclosure or discovery for documents that pertain to (both to intercede) the subject matters of pleadings, Service of process, producing documents as each matter in dispute relevant of the statements signed by all parties involved by the standard of procedure signed by the Judges and filed in the offices of the Jurisdictions.

(Compl. 7 (capitalization original)). He further states that he is seeking "early settlement deciding mediation or Compromise to negotiation of a fair settlement of a total compensation for punitive Damages." (*Id*. at 9 (capitalization original)). In the First Supplemental Complaint, plaintiff additionally seeks $6,000.00 in compensatory damages and "a full refund and full costs of the services Done relevant to car repairs." (1st Supp. Compl. 2 (capitalization original)).

One apparent claim by plaintiff is discernable from the consumer complaint form accompanying the Complaint. In it, he contends that Nationwide failed to give him notice prior to his accident that the collision coverage on his car had lapsed. It is conceivable that such a claim could be available to plaintiff under North Carolina state law. *See*, *e.g.*, N.C. Gen. Stat. § 58-35-85 (providing procedures that must be followed by insurer before cancelling an insurance policy financed by an insurance premium finance agreement, including providing insured with notice); *Western World Ins. Co., Inc. v. Carrington*, 90 N.C. App. 520, 522, 369 S.E.2d 128, 129 (1988) ("A declaratory judgment action may be brought to determine whether coverage exists under an insurance policy."); *Universal Ins. Co. v. Patterson*, 210 N.C. App. 241, 244-45, 708 S.E.2d 129, 131-32 (2011) (affirming trial court's declaratory judgment that automobile liability policy was in effect at the time of an accident because insurer had failed to follow procedures in N.C. Gen. Stat. § 58-35-85 in its cancellation of the policy). But plaintiff shows no basis for federal jurisdiction over this claim. Because the claim arises under state law, it does not raise a federal question. *See* 28 U.S.C. § 1331. Further, plaintiff fails to show that the amount in controversy exceeds the jurisdictional amount of $75,000.00 for diversity cases. *See* 28 U.S.C. § 1332(a). The amount of damages he claims in the First Amended Complaint is $6,000.00 "together with a full refund and full costs of the services Done relevant to car repairs." (1st Supp. Compl. 2 (capitalization original)). Therefore, plaintiff's claim against Nationwide

for failure to provide notice of the lapsing of his collision coverage should be dismissed for lack of subject matter jurisdiction. *See*, *e.g.*, Fed. R. Civ. P. 12(h)(3).

The court concludes that the Complaint and First Supplemental Complaint otherwise fail to adequately state any claim for relief. Plaintiff's allegations are rambling, disjointed, and replete with seemingly inapposite legal jargon. As a result, they are largely incomprehensible. He has certainly failed to show that he is entitled to relief. Indeed, with the exception of the notice claim against Nationwide, the allegations leave unaddressed the conduct by the defendants that plaintiff deems wrongful. His recitation of the names of various torts and other types of misconduct (*e.g.*, negligence, forgery, fraud) amount to no more than "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). Accordingly, it will be recommended that any remaining claims in plaintiff's Complaint and First Supplemental Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Second Supplemental Complaint

The Second Supplemental Complaint, a two-page, typewritten document, expressly names as a defendant in the caption only "ACC AUTO SALES INC.," although it is followed by "et. al." (2d Supp. Compl. 1). Thus, this supplemental complaint may be directed against the same defendants as in the Complaint and First Supplemental Complaint.

In the Second Supplemental Complaint, plaintiff alleges that his claim is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq.* ("Title VII"). (2d Supp. Compl. 1 ¶ 1). It, of course, prohibits discrimination in the terms and conditions of employment on the basis of race, color, religion, sex, or national origin. Plaintiff seeks relief in the form of compensatory damages, costs, declaratory judgment, and an injunction requiring

defendants to stop retaliating against him with acts "believed to be and discovered unlawful under Title VII." (*Id*. at 2, Prayer for Relief ¶¶ 1-4).

Despite plaintiff's express invocation of Title VII, the Second Supplemental Complaint contains no allegations that would suggest that he was subject to employment discrimination. Nor is there any indication in this (or any of his other supplemental complaints) that he was an employee of ACC or any of the other defendants named in the various complaints.

Rather, the gravamen of the Second Supplemental Complaint is plaintiff's filing "a charge with the Driver License Office of Wake County Raleigh" regarding "violations of the doctrine of privilege." (2d Supp. Compl. 1-2 ¶ 6). Plaintiff alleges, incoherently, as follows:

> Defendant's action of process of eroding of privilege doctrine include but are Not limited to retaliating against George E. Gambrell Jr. by rights whom acted Negligently by failure to perform a required duty or obligation which Occurred.

(*Id*. at 2 ¶ 7 (capitalization original)). There is clearly no suggestion of employment discrimination. Plaintiff's allegations do not otherwise make out a claim.

The court concludes that plaintiff has failed to state a claim pursuant to Title VII or any other claim upon which relief can be granted. It will therefore be recommended that the claims in this Second Supplemental Complaint be dismissed.

### D. Third Supplemental Complaint

The Third Supplemental Complaint, a two-page, typewritten document, names new defendants: the State of North Carolina, P.T. Pettet of RPD,[3] and Jennifer Jones. (3d Supp. Compl. 1, 1st ¶ 1).[4] This supplemental complaint also asserts new claims. They appear to arise

---

[3] Although not specified by plaintiff, the court presumes he is referring to Raleigh Police Department, especially given that plaintiff resides in Raleigh, North Carolina. (3d Supp. Compl. ¶ 1).

[4] Set out after the signature block for this supplemental complaint is a "Motion for Leave to File First Amended Complaint." (3d Supp. Compl. 2). It includes a request to add "the Office of the Public Defender Carolyn Hair['s] signature at the end of the First Amended Complaint." (*Id*. at 2). It is unclear to which version of the complaint

from plaintiff's alleged unlawful arrest with a defective warrant. (*Id*. at 1 ¶ 5). Plaintiff requests a jury trial and seeks relief in the form of compensatory damages, costs, and pre-judgment interest. (*Id*. at 1-2).

As with the other complaints, plaintiff does not adequately state the claim or claims that are the subject of the Third Supplemental Complaint. He summarily asserts that the negligence of the defendants resulted in his unlawful arrest, but fails to set out supporting factual allegations. *See Iqbal*, 556 U.S. at 678. Accordingly, the court concludes that the Third Supplemental Complaint fails to state a claim upon which relief can be granted and should be dismissed on this ground.

Alternatively, the court finds that this supplemental complaint is deficient due to inappropriate joinder of defendants under Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) provides that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). With this Third Supplemental Complaint, plaintiff is, in essence, seeking to join additional defendants and to assert claims against them that are wholly unrelated to the claims brought against the original defendants. Such joinder of defendants is not permitted under Rule 20(a)(2). *See Watterson v. Burgess*, No. 3:13-cv-159-FDW-DCK, 2014 WL 1091223, at *4 (W.D.N.C. 14 Mar. 2014) ("[T]o name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns

---

plaintiff is referring as the "First Amended Complaint." In any event, the motion for leave to file is mooted by the fact that the court is considering all versions of the complaint.

a common question of law or fact."). Therefore, inappropriate joinder of defendants is an additional, alternative ground upon which the Third Supplemental Complaint should be dismissed.[5]

E. **Fourth Supplemental Complaint**

Unlike plaintiff's Complaint and other supplemental complaints, the two-page, typewritten Fourth Supplemental Complaint is not labeled as a "complaint," but rather bears the following caption:

> United States District Court Eastern District of North Carolina
> (Western Division)
> Charge of Discrimination
> ACLU of North Carolina and Human Resources Department
> *Re: George Elmo Gambrell Jr. v. State of North Carolina*

(4th Supp. Compl. 1 (emphasis added)). Based on the emphasized language in the caption, the court deems the defendant under this supplemental complaint to be the State of North Carolina.

The caption, as well as plaintiff's allegations, make clear that plaintiff is complaining of racial discrimination against him. (*See, e.g.*, 4th Supp. Compl. ¶¶ 2, 3 ("I believe I have been discriminated against . . . . [b]ased on my race (a black male) . . . ."). But the Fourth Supplemental Complaint otherwise fails to present factual allegations supporting the conclusory contention of discrimination. *See Iqbal*, 556 U.S. at 678. Indeed, plaintiff's allegations are again rambling and largely incoherent.

The court concludes that the Fourth Supplemental Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed. It is also subject to dismissal on

---

[5] While plaintiff could conceivably have avoided the joinder issue by filing the Third Supplemental Complaint in a separate case, its failure to state a claim would still have rendered it fatally deficient.

the alternative ground of improper joinder of a defendant on an unrelated claim, in violation of Rule 20(a)(2), as is the Third Supplemental Complaint.[6]

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED in its entirety.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 6 May 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 23rd day of April 2014.

_____
James E. Gates
United States Magistrate Judge

---

[6] Given this proposed disposition of the Fourth Supplemental Complaint, the court does not reach other possible grounds for its dismissal, including immunity of the State of North Carolina from suit under the Eleventh Amendment. It "deprives the federal courts of jurisdiction to hear actions for money damages brought against a State by its own citizens or by citizens of another state." *Sec'y of the Dep't of Crime Control & Pub. Safety v. Blackwood*, 7 F.3d 1140, 1145 (4th Cir. 1993).